IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRUCE EDWIN LEE,

    Plaintiff,

v.                                                           CIV. No. 15-192 JB/GBW

BENALILLO COUNTY and
BERNALILLO COUNTY METROPOLITCAN
DETENTION CENTER,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 3.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v.*

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  As grounds for appointing counsel, Plaintiff states, "I do not know the law.  I cannot furnish discovery and all pertinent paperwork required for litigation."  *Doc. 3* at 1.  Plaintiff's Complaint is based on an injury he incurred while playing handball in jail that he alleges was caused by a crack in the cement.  *Doc. 1* at 4.  He alleges that the inadequate treatment of this injury violated his First Amendment rights.  *Id.* at 5.

In addition to lacking merit as a First Amendment claim, the facts giving rise to, and the legal issues involved in Plaintiff's Complaint are neither factually nor legally complex.  *See generally doc. 1.*  Moreover, Plaintiff's Complaint and his Motion to Appoint Counsel demonstrate a basic understanding of the legal process (i.e. that it often involves discovery).  These filings further demonstrate an ability to articulate his position.  For the foregoing reasons, Plaintiff's limited knowledge of the law and

inability to furnish discovery, are insufficient under the *Thomas* factors to support granting him appointed counsel.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel, (*doc. 3*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE